UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MANUFACTURERS ALLIANCE INSURANCE
COMPANY,

                              Plaintiff,                  **MEMORANDUM**
                                                    **AND ORDER**
    -against-

                                                                 **19-CV-5843 (ARR)**

**KOOKMIN BEST INSURANCE CO., LTD.
(US BRANCH),**

                              **Defendant.**
----------------------------------------------------------------x
**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        Earlier today, defendant Kookmin Best Insurance Co., Ltd. ("defendant") filed a letter (DE #13) requesting that (1) the Court hold in abeyance the motion filed by plaintiff Manufacturers Alliance Insurance Company ("plaintiff") for default judgment (DE #9), and (2) defendant be granted leave to file its belated answer to the complaint.[1]  Notably, this is a case that plaintiff allowed to languish for more than four months, having moved for default judgment less than a month ago, and only after being prodded into action by this Court's Order to Show Cause (DE #8).  Furthermore, even according to plaintiff, the award of declaratory relief - the remedy requested by plaintiff - is entirely discretionary upon a defendant's default (DE #9-1 at 15-16).

        In view of the foregoing, and given the judiciary's "oft-stated preference for resolving disputes on the merits," Enron Oil v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993), the parties are encouraged to promptly confer in a good faith attempt to avoid further litigation

---

[1] In the future, any request for judicial action should be docketed into the court file as an ECF motion event, as required by this Court's Individual Rules.

over plaintiff's motion for a default judgment and over what the Court construes as defendant's cross-motion to vacate the entry of default. If the parties are able to reach agreement, they shall file, by May 28, 2020, a stipulation withdrawing plaintiff's motion for default judgment without prejudice and proposing a deadline by which defendant must file its answer. If they are unable to reach agreement, plaintiff's response to defendant's letter is due by June 1, 2020. In the interim, all other deadlines are held in abeyance.

        SO ORDERED.

Dated:    Brooklyn, New York
            May 21, 2020

                      /s/ *Roanne L. Mann*
                      **ROANNE L. MANN**
                      **UNITED STATES MAGISTRATE JUDGE**